IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LONNICA MONTOYA,

      Plaintiff,

vs.                                         No. 1:25-cv-192-KWR-LF

ADAN MENDOZA, SFCSO;
KATHERINE E. CLARK, SFC Clerk;
CODY LATTIN, SFCSO; and
DEPARTMENT OF PUBLIC SAFETY
CABINET SECRETARY JASON BOWIE

      Defendants.

## MEMORANDUM ORDER AND OPINION ACCEPTING PLAINTIFF'S AMENDED COMPLAINT AS MATTER OF COURSE AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT

THIS MATTER comes before the Court upon Defendant Department of Public Safety Cabinet Secretary Jason Bowie's Motion to Dismiss (**Doc. 3**), Defendant Katherine Clark, Cody Lattin, and Adon Mendoza's Motion to Dismiss (**Doc. 7**), and Plaintiff's Amended Complaint (**Doc. 14**). The Court **ACCEPTS as timely** Plaintiff's Amended Complaint (**Doc. 14**) and **DENIES AS MOOT** both Motions to Dismiss (**Doc. 3; Doc. 7**).

### BACKGROUND

This lawsuit arises from an encounter between Plaintiff and a Santa Fe deputy in January of 2023. **Doc. 1-1 at 2**. In January of 2023, Plaintiff was visiting a resident of Santa Fe to obtain a piece of furniture, when the owner of the premises began changing the locks and Plaintiff called the police. **Id.** Plaintiff alleges that while she was recording the incident on her cell phone, members of law enforcement "tackled" her and twisted her arms and hands behind her back. **Id.** The entirety of the complaint speaks generally of all defendants except the specific deputy who allegedly abused her. **See generally id.** Plaintiff brought this action pursuant to the New Mexico

1

Civil Rights Act (the "NMCRA") alleging that the deputy used excessive force and unlawfully detained her in violation of the Fourth Amendment. **Doc. 3 at 1**.

Defendants removed the case to this Court on January 24, 2025, based on federal question jurisdiction. **Doc. 1.** Plaintiff alleges a violation of her Fourth Amendment rights, emotional distress, and battery. **Doc. 1-1.** All Defendants filed Motions to Dismiss. **Doc. 3; Doc. 7**. The Court granted Plaintiff an extension to respond to the motions to dismiss until April 18, 2025. **Doc. 8**. On April 14, 2025, Plaintiff mailed an Amended Complaint and a Response to Defendants' Motions to Dismiss. **Doc. 13** (Response in Opposition)**; Doc. 14** (Amended Complaint).

## LEGAL STANDARD

A party may amend its pleadings once as a matter of course 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [them] an opportunity to amend [their] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), *quoted in Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010.

Plaintiff proceeds *pro se*, which also colors the Court's analysis of the sufficiency of the pleadings. "If the plaintiff proceeds *pro se,* the court should construe [their] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425

F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)).  Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for them. *Id.*

## ANALYSIS

The Court will accept Plaintiff's Amended Complaint as timely filed.  As such, the Court will deny both pending Motions to Dismiss as moot for the reasons discussed below.

Federal Rule of Civil Procedure 15(a) allows for amendment of pleadings once as a matter of course within 21 days after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(b).  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982). "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975).  This is particularly true in the case of *pro se* plaintiffs: "Courts should give leave to amend freely, especially when the plaintiff is proceeding *pro se*."  *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012).

Plaintiff's Amended Complaint is admittedly untimely under the plain text of Rule 15: she mailed her Amended Complaint more than 21 days after both motions to dismiss were filed. "[U]nexplained delay alone justifies the district court's discretionary decision." *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994); *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020).  However, Plaintiff's delay here is explainable: based on the Court's previous order extending her deadline to respond to April 18, 2025, it is wholly conceivable that Plaintiff took that to mean that she also had until that date to amend her complaint, despite the text of Rule 15.

*See Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (reversing a district court's denial of a *pro se* plaintiff's motion for leave to amend because he lacked notice of a deficiency in his complaint).  Leave to amend is to be "freely given," Fed.R.Civ.P. 15(a), and "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Armbeck v. Quinones*, 232 F.3d 900 (10th Cir. 2000).  Given the ambiguity around what may or may not have counted as a response to the motions to dismiss, **doc. 8**, it seems reasonable to accept the Amended Complaint as timely.

Moreover, all Defendants had notice that Plaintiff would be filing responses beyond the 21-day deadline normally prescribed by the Federal Rule.  *See Calderon*, 181 F.3d at 1186–87 ("Deriving a consistent approach from our case law, we conclude that a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it.").  In light of Plaintiff's *pro se* status and the fact that Defendants also had notice of the extension, it seems that "justice so requires" accepting Plaintiff's Amended Complaint as timely.

## CONCLUSION

The Court will **accept as timely** Plaintiff's Amended Complaint.  Therefore, Defendant Jason Bowie's Motion to Dismiss for Failure to State a Claim (**Doc. 3**) is **DENIED as moot**.  Defendants Adon Mendoza, Katherine E. Clark, and Cody Lattin's Motion to Dismiss (**Doc. 7**) is likewise **DENIED as moot.**

                                                       /S/
                                           KEA W. RIGGS
                                           UNITED STATES DISTRICT JUDGE