IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LONNICA MONTOYA,

    Plaintiff,

v.                                                        Case No. 1:25-cv-00192-KWR-LF

ADAN MENDOZA, SFCSO;
KATHERINE E. CLARK, SFC Clerk;
CODY LATTIN, SFCSO; and
DEPARTMENT OF PUBLIC SAFETY
CABINET SECRETARY JASON BOWIE,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
DENYING MOTION TO PROCEED
IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915**

THIS MATTER comes before the Court on plaintiff Lonnica Montoya's motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, requesting that the Court authorize the commencement of her lawsuit against without the prepayment of fees. Doc. 15.

The Court may authorize the commencement of any suit without prepayment of fees by a person if he or she (1) submits an affidavit that includes a statement of all assets he or she possesses and (2) is unable to pay such fees. 28 U.S.C. § 1915(a). In determining whether a movant is unable to pay within the meaning of § 1915, the Tenth Circuit has indicated that "[o]ne need not be absolutely destitute to proceed IFP." *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (unpublished). Nevertheless, a motion to proceed IFP may properly be denied if the movant can pay the required fees and still support and provide necessities for himself or herself and any dependents. *Id.*

In her affidavit, Ms. Montoya indicated that she receives Social Security Disability Insurance.  Doc. 15.  I twice ordered Ms. Montoya to file a response on the docket informing the Court of the monthly amount of money she receives from Social Security Disability Insurance.  Docs. 16, 22.  In my Second Order for Supplementation, I stated, "If Ms. Montoya does not respond with this information by the deadline [of June 5, 2025], the Court may recommend denial of her motion to proceed in forma pauperis."  Doc. 22.  To date, Ms. Montoya has not supplemented her application to proceed IFP with the monthly amount of money she receives from Social Security Disability Insurance, and the deadline to do so has passed.

Because I find that plaintiff Lonnica Montoya's affidavit contains an incomplete record of her monthly income, and because Ms. Montoya has disregarded two orders to supplement her application, I recommend that the Court DENY Ms. Montoya's motion to proceed IFP.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**