# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————

LONNICA MONTOYA,

        Plaintiff,

      vs.                          No. 1:25-cv-192-KWR-LF

ADAN MENDOZA, SFCSO;
KATHERINE E. CLARK, SFC Clerk;
CODY LATTIN, SFCSO; and
DEPARTMENT OF PUBLIC SAFETY
CABINET SECRETARY JASON BOWIE

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand (**Doc. 32**) for lack of subject matter jurisdiction. This case was removed solely based on federal question jurisdiction. *See* **Doc. 1 at ¶ 2** (Notice of Removal). After the case was removed, Plaintiff filed an amended complaint, which the Court accepted as timely. **Doc. 17**. Plaintiff now seeks to remand the case for lack of subject matter jurisdiction, as the operative complaint does not support federal question jurisdiction. Defendant Department of Public Safety Cabinet Secretary Jason Bowie and Santa Fe County Defendants Katharine Clark, Cody Lattin, and Adan Mendoza ("County Defendants") oppose the Motion, asserting that a federal question exists. As explained below, the Court lacks federal question jurisdiction (and subject matter jurisdiction) as there is no federal question. Therefore, this Court **GRANTS** Plaintiff's Motion to Remand (**Doc. 32**) and **DENIES AS MOOT** both Motions to Dismiss (**Doc. 19; Doc. 21**). This case is remanded to the First Judicial District, Santa Fe County, New Mexico, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## BACKGROUND

This lawsuit arises from Plaintiff's 2023 encounter with law enforcement.  **Doc. 14**.  As it relates to federal question jurisdiction, Plaintiff alleges that law enforcement violated her right to be free from unreasonable seizure when an officer used excessive force and unlawfully detained her.  **Doc. 14 at 2–3**.

In January 2025, Plaintiff initially filed a complaint in New Mexico's First Judicial District Court.  **Doc. 1-1**.  Defendants removed the case to this Court based on federal question jurisdiction, and no parties have raised diversity jurisdiction.  ***See* Doc. 14; Doc. 33; Doc. 24**.  In April 2025, Plaintiff mailed an amended complaint using a publicly available civil rights complaint form, which the Court accepted as timely.  **Doc. 14; Doc. 17 at 1–2**.  Plaintiff's written text omitted reference to the U.S. Constitution in the amended complaint.  ***See* Doc. 14**.  All Defendants filed Motions to Dismiss.  **Doc. 19; Doc. 21**.  On July 16, 2025, Plaintiff filed a Motion for Remand, asserting that she is seeking relief under the New Mexico Civil Rights Act ("NMCRA").  **Doc. 32**.  Defendants filed Responses in opposition to the Motion, maintaining that Plaintiff is seeking relief under 42 U.S.C. § 1983.  **Doc. 33 at 4; Doc. 34 at 1**.

## DISCUSSION

Plaintiff argues that the Court should remand this case for lack of subject matter jurisdiction.  Plaintiff asserts that the Court lacks federal question jurisdiction as she only asserts state law claims.  The Court agrees and remands this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

A defendant may remove a civil case brought in state court if the federal court has original jurisdiction (federal question or diversity). 28 U.S.C. § 1441(a).  There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Fajen v. Found.*

*Rsrv. Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, [ ] and all doubts are to be resolved against removal." (citations omitted)).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). "As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*

Defendants assert that the Court has federal question jurisdiction over this case. District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff[ is] aggrieved." *W. Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Rsrv. v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

Specifically, federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012); *see also Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint." *Caterpillar*, 482 U.S. at 392. "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.*

When a plaintiff amends her complaint after removal, the amended complaint becomes operative, "wip[ing] the jurisdictional slate clean, giving rise to a new analysis." *Royal Canin*, 604 U.S. at 34. Furthermore, when a plaintiff amends her complaint to delete the federal claims that enabled removal, federal question jurisdiction "dissolves." *Id.* at 39. "The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started." *Id.*

Here, Plaintiff asserts in her Motion to Remand that state court has jurisdiction over her case because her claims rest on state law alone. After reviewing the filings and applicable law, the Court agrees.

Plaintiff filed the operative complaint using the Court's publicly available civil rights complaint form. **Doc. 14**. As it is possible that Plaintiff merely used the form to comply with the Court's pleading requirements, the Court looks to Plaintiff's own language to determine the claims asserted. In her amended complaint, Plaintiff alleges that she was unlawfully arrested, handcuffed, and thrown to the ground by law enforcement. ***Id.*** Plaintiff asserts that she was on the premises legally, and unlawful officer action occurred because she began recording the incident. ***Id.*** In the operative complaint, Plaintiff's own language does not refer to federal law. ***Id.*** Notably, Plaintiff does not mention her Fourth Amendment rights under the U.S. Constitution, which appeared in her initial complaint. ***Compare id. with*** **Doc. 1-1**.

Defendants argue that the complaint in its entirety, including Plaintiff's lack of assertion of claims under the NMCRA, forms the basis for federal question jurisdiction. **Doc. 33; Doc. 34**. The Court disagrees. Plaintiff is the master of her case. Plaintiff initially filed her case in state court under the NMCRA, which County Defendants have acknowledged. **Doc. 33 at 1** (County

Defendants' Response in Opposition). Following removal to the Court, Plaintiff omitted mention of the U.S. Constitution in her amended complaint.

Moreover, Plaintiff's Motion asserts that her case is pursuant to the NMCRA. The NMCRA creates a cause of action for civil plaintiffs to seek compensatory relief for violations of their rights under the New Mexico constitution's bill of rights. N.M. Stat. Ann. § 41-4A-3 (2021); *see also Bolen v. N.M. Racing Comm'n*, ____-2025-____, ¶¶ 11–13, __ P.3d __ (S-1-SC-40427, June 2, 2025). And the state constitution has a provision protecting people from unreasonable seizures. N.M. Const. art. II, § 10. Read liberally, the Court does not find that Plaintiff abandoned her NMCRA claim due to the lack of specific mention in her amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the liberal construction rule of *pro se* pleadings means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so"). As a result, the Court finds that a reader could reasonably determine that Plaintiff's operative complaint includes a cause of action under the NMCRA.

The Court concludes that Plaintiff's removal of reference to the Fourth Amendment was an omission of federal law claims that formed this Court's basis for original jurisdiction under federal question jurisdiction. All that remains is Plaintiff's NMCRA claim and other associated state law claims. Therefore, this Court is divested of subject matter jurisdiction and must remand Plaintiff's case. As such, the Court will not reach the Defendants' pending Motions to Dismiss, denying them as moot.

**IT IS THEREFORE ORDERED** the Plaintiff's Motion to Remand (**Doc. 32**) is **GRANTED** for the reasons described in this order and the Defendants Motions to Dismiss (**Doc.**

**19; Doc 21**) are **DENIED as moot**.  The Clerk of Court is directed to take the necessary actions to remand this case to the First Judicial District, Santa Fe County, New Mexico.

_____/S/_____

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE
